**The Disciplinary Board**
**of the**
**Supreme Court of Rhode Island**

August 8, 2005
(Date)

Return Form to: Chief Disciplinary Counsel
John E. Fogarty Judicial Annex
24 Weybosset Street, 2nd Floor
Providence, RI 02903
(401) 222-3270
Fax: (401) 222-1191

Please Print or Type:

ALBERT J. SLINEY
*(First)* *(Middle Initial)* *(Last)*

BOP REG. NO. 04965-070, FCI RAY BROOK, P.O. BOX 9006
*(Mailing Address - Street or Post Office)*

RAY BROOK, NEW YORK 12977
*(City/Town)* *(County)* *(State)* *(Zip Code)*

Telephone Number(s): *Business*: N/A *Home Phone*: N/A

Attorney against whom you wish to file a complaint:

WILLIAM J. MURPHY
*(Name)*

127 DORRANCE STREET, PROVIDENCE, RI 02903
*(Mailing Address)*

Did you employ the attorney: Yes______ No X

If yes, give the approximate date of employment: N/A

If no, what is your connection with the attorney? WILLIAM J. MURPHY was court appointed to represent I, ALBERT J. SLINEY.

**The Disciplinary Board**
**of the**
**Supreme Court of Rhode Island**

5. Nature of Complaint. (a) Provide a detailed description (dates, names, etc.) of the attorney's conduct. (b) Attach additional pages as necessary. (c) Please provide a copy of any document(s) that you refer to in your complaint. (d) Please *sign* your complaint.

I, ALBERT J. SLINEY (hereinafter 'Relator'), bring this complaint against WILLIAM J. MURPHY (hereinafter ' Mr. Murphy'), based upon the irresponsibility, negligence and incompetence Mr. Murphy has shown in the legal representation Mr. Murphy provided to Relator.

In a criminal matter brought in the United States District Court for the District of Rhode Island, Case No.: 01-012-ML. Mr. Murphy was the court appointed attorney assigned as counsel to represent Relator. It can not be disputed that as Relator's court appointed attorney and counsel in that matter, that Mr. Murphy had a duty to provide Relator with a level of representation on par with that established by professional norms, and an obligation to (continued on attached)

6. If your complaint is about a law suit, please furnish the following information, if available:

Title of Suit: N/A
Suit Number: N/A Date Suit Filed: N/A
(approximate)
Name of Court: N/A

(*Signature*)

act in accordance with the standards set forth in the Rules of Professional Conduct ('RPC') in dispensing with that duty. However, as Relator will clearly show, Mr. Murphy repeatedly failed to act in accordance with professional norms or the directives of the RPC in providing Relator legal representation.

In Gideon v. Wainwright, 372 U.S. 355 (1963) the U.S. Supreme Court unanimously held "that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Id. at 344. The Court's decision in Gideon gave substance to the Sixth Amendment's guarantee to the right of assistance of counsel. The Court has gone on to further establish that "[T]he right to counsel is the right to the effective assistance of counsel." See McMann v. Richardson, 397 U.S. 759, n. 14 (1970).

The proper measure of attorney performance remains simply what is "reasonable" under prevailing professional norms, and those norms are reflected in the American Bar Association ('ABA') standards. See Strickland v. Washington, 466 U.S. 668 (1984). The law has long recognized that a lawyer must perform legal services competently, see, e.g., Gambert v. Hart, 44 Cal. 542 (1872); Kissam v. Bremerman, 44 A.D. 588 (N.Y. 1899); Hill v. Mynatt, 59 Sw. 163 (Tenn 1900); Malone v. Girth, 75 N.W. 972 (Wis. 1898), all requiring use of ordinary skill, care and diligence commonly employed by lawyers undertaking similar matters. The very first ABA Rule of Professional Conduct is numbered 1.1 and titled

simply "Competence.' Following are the requirements for "Competence":

1. Legal knowlege and skill.
2. Thoroughness and preparation.
3. Maintaining Competence.

Rule 1.1 defines the elements of competent representation historically developed under the code: competence "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for representation."

The duty of diligence is closely related to competence, as one often accompanies the other, see, People v. Primavera, 942 P.2d 496 (Cola. 1997); Florida Bar v. Flowers, 672 So.2d 526 (Fla. 1996); In re Capps, 942 P.2d 588 (Kan. 1997); In re Moore, 494 S.E.2d 804 (S.C. 1997). See also: Restatement (Third) of the Law Governing Lawyers, § 28 (1996)(Lawyer's duties of competence and diligence are contained within the same rule).

KNOWLEDGE OF LEGAL PRINCIPLES: A lawyer is expected to be familiar with well-settled principles of law applicable to client's needs, see, e.g., Goldberg v. Gordon, 607 P.2d 995 (Cola. 1980); Florida Bar v. Lecznar, 690 So.2d 1284 (Fla. 1997); In re Farmer, 950 P.2d 713 (Kan. 1997); In re Moore, 494 So.2d 804 (S.C. 1997); Office of Disciplinary Counsel v. Henry, 664 S.W.2d 62 (Tenn. 1983); Martin v. Northwest Washington Legal Services, 717 P.2d 779 (Wash. Ct.App. 1986); In re Gibson, 570 N.W.2d 249 (Wis. 1997). BASIC RESEARCH: A lawyer must also "discover those additional rules of law which although commonly known, may be readily found by standard research techniques, Baird v. Pace, 752 P.2d 507 (Ariz. 1987); Home v. Peckham, 1158 Cal.Rptr. 714 (Ct.App. 1979); Smith v. Lewis, 530 P.2d 589 (Cal. 1975); State ex mel. Oklahoma Bar Association v. Hensley, 661 A.2d 527 (Okla, 1983); A lawyer

must undertake reasonable research to ascertain relevant legal principles, Smith v. Lewis, 530 P.2d 589 (Cal. 1975).

KNOWLEDGE OF COURTRULES: A lawyer is expected to know the rules of the courts before which the lawyer practices, see, e.g., In re Dempsey, 632 F.Supp. 908 (N.D.Cal. 1986); In re Moore, 494 S.E.2d 804 (S.C 1997); In re Belser, 287 S.E.2d 139 (S.C. 1982).

INVESTIGATION AND RESEARCH: The interrelated obligations of thoroughness and preparation require a lawyer to investigate the facts of the matter and research the applicable law, see, e.g., People v. Boyle, 942 P.2d 1199 (Colo. 1997); People v. Felker, 770 P.2d 402 (Colo. 1989); In re Meckler, 689 A.2d 1171 (Del. 1996); Dillard Smith Constr. Co. v. Greene, 337 So.2d 841 (Fla. Dist. Ct.App. 1996); Muse v. St.Paul Fire & Marine Ins. Co., 328 So.2d 698 (La.Ct.App. 1976); State ex rel. Nebraska Bar Association v. Holscher, 230 N.W.2d 75 (Neb. 1975); Collins v. Perrine, 778 P.2d 912 (N.M. 1989); In re Kovitz, 504 N.Y.S.2d 400 (App.Div. 1986); Toledo Bar Association v. Wroblewski, 512 N.E.2d 978 (Ohio. 1987); In re Green, 557 P.2d 644 (Ore. 1976); In re Winkel, 577 N.W.2d 9 (Wis. 1998); In re Fischer, 499 N.W.2d 677 (Wis. 1993).

LEGAL ANALYSIS: The analysis of precedent and evaluation of evidence are skills needed for competent representation, see, e.g, In re Black, 941 P.2d 1380 (Kan. 1997); People v. Yoakum, 552 P.2d 291 (Colo. 1976).

KNOWLEDGE OF PROCEDURE: The requisite familiarity with well-settled legal principles extends to matters of procedure, see, e.g., Attorney Grievance Commission v. Bailey, 408 A.2d 1330 (Md. 1979).

UNFAMILIARITY W_TH AREAS OF LAW: A lawyer's lack of experience in a particular area of law is no defense to a charge of incompetent representation, see, e.g., In re Deardorff, 426 N.E.2d 689 (Md. 1981); In re Yetman, 552 A.2d 121 (N.J. 1989); People v. Susman, 587 P.2d 782 (Cola. 1978).

Thus the merits of the complaint Relator now brings turns on whether the performance of, and the representation provided to Relaator by, Mr. Murphy was "objectively reasonable" when measured by the standards of the RPC. In light of the evidence Relator presents with this complaint, Mr Murphy has clearly failed to meet the standards of the RPC, and Mr. Murphy's representation of Relator was unreasonable.

Prior to proceeding to trial, Mr. Murphy had ample time and opportunity to avail himself of the Federal Rules of Criminal Procedure, and the case law applicable to the facts of Relator's circumstances. Thus whereas Mr. Murphy had as well been provided with knowledge of all of the relevant information and facts of Relator's criminal case, information and facts which should have compelled any "reasonable" counsel in Mr. Murphy's position to file a pretrial motion seeking supression of what Mr. Murphy himself believed to be illegally obtained evidence, it can not be disputed that Mr. Murphy's failure to file such a pretrial motion was undoubtedly "objectively unreasonable." This contention is made irrefutable by Mr. Murphy's own words.

At Relator's trial where Mr. Murphy was Relator's sole legal representative, and during an exchange between the Court [Honorable Mary M. Lisi, Judge] and Mr. Murphy, Mr. Murphy free and fully [for all practical purposes] admitted his irresponsibility,

negligence and incompentence in representing Relator. The following, in pertinent part, is the exchange which took place between Mr. Murphy and the Court:

MR. MURPHY: Judge, I object.

THE COURT: Wait a minute. Did you know that this statement came out at the detention hearing ?

MR. MURPHY: If Mr. Chafee is saying it did, I have no independent recollection, but I would need -- I'm sure if the statement came out, it should be written somewhere.

THE COURT: Wait a minute. Because if you're moving to suppress, you're out of time. Should have been done pretrial.

MR. MURPHY: I had no independent knowledge -- if it was said at the detention hearing --

THE COURT: Were you the lawer ?

MR. MURPHY: Yes, I was. I was court-appointed to represent him. But what I'm saying, Judge, this statement is in no police report that I have from Detective O'Brien.

THE COURT: You have to attack it that way. But I'm not going to allow you to make an oral Motion to Suppress after the time has passed.

MR. MURPHY: He was in custody, Judge.

THE COURT: You should have attacked it in a pretrial motion. Under the rules you have to do that pretrial.

MR. MURPHY: <u>If I knew that, Judge, I would have</u>.

See Exhibit-A, excerpt of Relator's trial transcripts (emphasis added). The above reference exchange between Mr. Murphy and the Court remove all doubt that (a) Mr. Murphy knew or should have known of the evidence to be offered against Relator, prior to the

commencement of Relator's trial, (b) Mr. Murphy believed that certain of the Governments evidence was illegally obtained and should not have been admitted against Relator, (c) Mr. Murphy inexcusably failed to timely seek suppression of that evidence, and (d) Mr. Murphy's only reason for having failed to seek suppression, was Mr. Murphy's own irresponsibility and negligent incompentence in failing to make himself aware of the rules governing his practice of law before a federal court. But Mr. Murphy's irresponsibility, negligence and incompentence does not end here.

Relator as well brings attention to Mr. Murphy's most recent unprofessional conduct, which shows Mr. Murphy's complete and flagrant disregard for the RPC. On September 23, 2004, Relator filed a PETITION FOR ORDER COMPELLING COUNSEL TO FORWARD ENTIRE CASE FILE AND ALL OTHER REQUESTED MATERIALS TO DEFENDANT in the U.S. District Court for the District of Rhode Island. This Petition was granted on October 19, 2004, and Mr. Murphy was given twenty (20) days to provide Relator with a copy of Relator's entire case file. See Exhibit-B copy of granted Petition. As Mr. Murphy used grand jury transcripts [even though ther is no record that Mr. Murphy order such transcripts] to cross-examine one of the witnesses who testified during Relator's trial, those grand jury transcripts should have been part of the package of information Mr. Murphy provided Relator. However, Mr. Murphy has failed to provide Relator with the requested grand jury transcripts.

Upon realizing Mr. Murphy's failure to comply with the Court's order instructing Mr. Murphy to provide Relator with a copy of ENTIRE CASE FILE, Relator promptly noticed the Court of Mr. Murphy's

failure to provide Relator with ALL OF THE INFORMATION requested. See Exhibit-C Relator's Notice to the Court. Relator Later followed up with a letter of comlaint forwarded to the Chief Justice of the U.S. District Court for the District of Rhode Island, concerning Mr. Murphy's failure to comply with the Court's order. See Exhibit-D letter of complaint.

It can not be disputed, the RPC requires that Mr. Murphy provide Relator with the information the Court has in fact ordered Relator to be provided. See RPC Rule 1.4. Thus Mr. Murphy's continued refusal to provide Relator with the information Relator is entitled to receive can only be seen as another flagrant violation of the RPC.

WHEREFORE, based upon all of the foregoing, Relator requests that Mr. Murphy be properly sanctioned in accordance with the RPC and other applicable law. Further that a formal statement be issued to Relator concerning any findings of the issues expressed in this complaint concerning Mr. Murphy's representation of Relator. Finally Relator requests a formal order be issued to Mr. Murphy, instructing Mr. Murphy to provide Relator with a copy of the grand jury transcripts Relator has requested, and that such transcripts be forwarded by Certified Mail with Return Receipt attached. Also the package in which such transcripts are mailed are clearly marked "Special Mail", "Open in Presence Of Inmate ONLY", "This Mail Meets BOP policy For Restricted Correspondence", and must bear Mr. Murphy's full name title and current business address.